IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | : | CIVIL ACTION |
| v. | : | |
| MARSHALL LEVINE and ARTHUR J. SIMON | : | NO. 02-2991 |

ORDER

AND NOW, this 12th day of November, 2002, upon consideration of defendant Marshall Levine's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and in the alternative for failure to join a necessary party pursuant to Fed. R. Civ. P. 12(b)(7), and the Court finding that:

(a) Although plaintiff De Lage Landen argues that it is the defendant's burden to establish lack of jurisdiction over the person, to the contrary, "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper," Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992);

(b) "District Courts have latitude as to the modes of proof they demand when resolving jurisdictional disputes," Zubyk v. LPBOC Hotel Ltd. Partnership, No. 00-971, 2000 U.S. Dist. LEXIS 9671, at *2 (E.D. Pa. June 27, 2000);

(c) "A Rule 12(b)(2) motion...is inherently a matter which requires resolution of factual issues outside the

pleadings....," Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 (3d Cir. 1984);

(d) Courts customarily examine affidavits or other evidence pertaining to the sufficiency of a defendant's contacts and connections with the forum state, see, e.g., Zubyk; Remick v. Manfredy, 238 F.3d 248 (3d Cir. 2001);

(e) In addition, a Court may order an evidentiary hearing, see Carteret Savings Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992); American Federation of Musicians v. Bonatz, 475 F.2d 433, 436 (3d Cir. 1973); Marine Midland Bank v. Miller, 664 F.2d 899, 904 (2d Cir. 1981);

(f) If the Court resolves a Rule 12(b)(2) motion without an evidentiary hearing the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff," Pinker v. Riche Holdings Ltd., 292 F.2d 361, 368 (3d Cir. 2002) (quoting Carteret, 954 F.2d 142 n.1);

(g) Eventually, however, the plaintiff must establish personal jurisdiction by a preponderance of the evidence at an evidentiary hearing or at trial, Carteret, 954 F.2d 142, n.1; Zubyk, 2000 U.S. Dist. LEXIS 9671, at *3; Marine Midland Bank, 664 F.2d at 904; and

(h) When the Court holds an evidentiary hearing, the burden is on the plaintiff to persuade the Court that personal

jurisdiction exists by a preponderance of the evidence, Carteret, 954 F.2d 142 n.1; Marine Midland Bank, 664 F.2d at 904;

It is hereby ORDERED that an evidentiary hearing on defendant Marshall Levine's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)[1] shall COMMENCE at 10:00 a.m. on November 21, 2002, in Courtroom 10B, and the parties are granted leave to conduct any expedited discovery, including depositions, necessary in preparation for the hearing.

BY THE COURT:

______________________________
Stewart Dalzell, J.

---

[1] The other defense that defendant raises in the motion to dismiss, failure to join a necessary party under Fed. R. Civ. P. 12(b)(7), shall not be included in the evidentiary hearing and will be resolved on the papers.