```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DE LAGE LANDEN FINANCIAL        :   CIVIL ACTION
SERVICES, INC.                  :
                                :
     v.                         :
                                :
MARSHALL R. LEVINE and          :
ARTHUR J. SIMON                 :   NO. 02-2991
```

MEMORANDUM

Dalzell, J.                                    December 9, 2002

Before us is defendant Marshall Levine's motion to dismiss for lack of personal jurisdiction and, in the alternative, failure to join a necessary party. Because we lack personal jurisdiction, we shall grant the motion.

I. Background and Procedural History

A. The Complaint

De Lage Landen Financial Services, Inc. ("De Lage Landen") brings this action for breach of a guaranty contract.

De Lage Landen has a principal place of business in Chester County, Pennsylvania and is the successor in interest of Tokai Financial Services, Inc. ("Tokai"), the lessor. Workplace Medical Solution, Inc. ("Workplace Medical") is a Georgia corporation, and is the lessee. Compl. ¶¶ 1,3, 8.

On September 30, 1996, Tokai leased Workplace Medical equipment for $2,731.35 per month for 63 months. Compl. ¶ 9. Marshall R. Levine and Arthur J. Simon personally guaranteed Workplace Medical's obligations under the lease. Compl. ¶¶ 10-11. Levine and Simon are citizens of Georgia. Compl. ¶¶ 4-5.

Some time after May 22, 1999, lessee Workplace Medical became delinquent on its lease payments and Tokai declared it to be in default. Compl. ¶¶ 12, 15. As of May 20, 2002, the payments outstanding on the lease, inclusive of accelerated principal, interest, and finance charges, totalled $95,597.25. Compl. ¶ 24.

Workplace Medical filed for Chapter 7 Bankruptcy. De Lage Landen then brought this action under the guaranty against Levine and Simon, the guarantors. On June 5, 2002, De Lage Landen dismissed Arthur Simon from the action, apparently because he, too, had entered bankruptcy, leaving Marshall Levine as the only defendant. See Praecipe entered June 5, 2002 (Doc. No. 3).

B.   Motion to Dismiss

Marshall Levine now has moved to dismiss for lack of personal jurisdiction.

Levine asserts that he did not consent to the jurisdiction of a Pennsylvania court and that he lacks minimum contacts with the Commonwealth for the Court, in the absence of such consent, to assume jurisdiction over his person. Mot. to Dismiss (Doc. No. 12). De Lage Landen responds only that Levine consented to jurisdiction. Plaintiff points to a forum selection clause choosing a Pennsylvania court that is contained in the lease between Tokai and Workplace Medical. De Lage Landen maintains that this guaranty incorporates by reference the forum selection clause. Pl.'s Response to Def.'s Mot. to Dismiss (Doc. No. 14).

2

On November 12, 2002, we ordered an evidentiary hearing to determine conclusively whether any basis exists for the exercise of personal jurisdiction. In the Order scheduling the hearing, we noted that De Lage Landen bears the burden of proving by a preponderance of the evidence that the Court has personal jurisdiction over Levine. We also afforded the parties leave to conduct expedited discovery into any issue that they deemed relevant to the question of personal jurisdiction. Order of Nov. 12, 2002 (Doc. No. 15).

At the November 21, 2002 hearing, counsel for plaintiff summarily announced that De Lage Landen rests on its motion papers and premises jurisdiction solely on Marshall Levine's consent to jurisdiction allegedly evidenced by the guaranty and forum selection clause. Plaintiff neither presented any evidence nor pursued any argument other than that of consent.

Counsel for defendant without objection presented Marshall Levine's affidavit. Levine swears in his affidavit that he has only travelled to Pennsylvania once in the last twenty years and that the guaranty was negotiated and executed in Georgia. Aff. of Marshall R. Levine (Doc. No. 17)[1].

---

[1] Since the defendant introduced only a facsimile version of the affidavit, at our request the original of the affidavit was later filed.

II. <u>Analysis</u>[2]

As noted, the only basis plaintiff proffers for jurisdiction is the forum selection clause. A forum selection clause by which an out-of-state defendant assents to suit in a forum is prima facie valid, and absent fraud or undue influence will be given effect. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 473 n.14 (1985); <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 880 (3d Cir. 1995). The only question here is whether Marshall Levine actually consented to suit in the courts of Pennsylvania. We turn to the applicable lease and guaranty provisions, and conclude that he did not.

The guaranty that Marshall Levine and Arthur Simon executed provides as follows:

> To induce us to enter this Lease, the undersigned unconditionally guarantees the prompt payment of all the Lessee's obligations under the Lease. We are not required to proceed against the Lessee or the equipment or enforce other remedies before

---

[2] After a defendant moves to dismiss for lack of personal jurisdiction, "the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." <u>Mellon Bank (East) PSFA v. Farino</u>, 960 F.2d 1217, 1223 (3d Cir. 1992).
The Court has latitude to determine appropriate modes of proof. <u>Marine Midland Bank v. Miller</u>, 664 F.2d 899, 904 (2d Cir. 1981); <u>Local 336, Amer. Fed'n of Musicians</u>, 475 F.2d 433, 437-38 (3d Cir. 1973); <u>Zubyk v. LBOC Hotel Ltd. P'ship</u>, No. 00-971, 2000 U.S. Dist. LEXIS 9671, at *2 (E.D. Pa. June 27, 2000); <u>see also</u> <u>Rivera-Gomez v. de Castro</u>, 900 F.2d 1, 2 (1st Cir. 1990) (discussing district court's authority under Fed. R. Civ. P. 12(d) to hold pretrial evidentiary hearings). If the Court conducts an evidentiary hearing, the burden is on the plaintiff to persuade by a preponderance of the evidence that the Court has personal jurisdiction over the defendant. <u>Carteret Savs. Bank v. Shushan</u>, 954 F.2d 141, 142 n.1 (3d Cir. 1992); <u>Marine Midland Bank</u>, 664 F.2d at 904.

> proceeding against the undersigned.  The
> undersigned waives notice of acceptance and
> all other notices or demand of any kind to
> which the undersigned may be entitled.  The
> undersigned consents to any extensions or
> modification granted to the Lessee and the
> release and/or compromise of any obligations
> of the Lessee or any other guarantors without
> releasing the undersigned from his or her
> obligations.  This is a continuing guarantee
> and will remain in effect in the event of the
> death of the undersigned, and will bind the
> heirs, administrators, representatives,
> successors and assigns of undersigned and may
> be enforced by or for the benefit of any
> assignee or successor of us.  This guaranty
> is governed by and construed in accordance
> with the laws of the Commonwealth of
> Pennsylvania.

The forum selection clause, contained in the underlying lease that Marshall Levine did not execute in his personal capacity, recites (emphasis in original):

> **20.  CHOICE OF LAW:  This Lease was made
> in the Commonwealth of Pennsylvania (by us
> having countersigned it in Berwyn,
> Pennsylvania); and it is to be performed in
> the Commonwealth of Pennsylvania by reason of
> the Lease Payments you are required to pay us
> in Pennsylvania.  This Lease shall in all
> respects be interpreted and all transactions
> subject to this Lease and all rights and
> liabilities of the parties under the Lease
> shall be determined and governed as to their
> validity, interpretation, enforcement and
> effect by the laws of the Commonwealth of
> Pennsylvania except for local filing
> requirements.  You consent to and agree that
> personal jurisdiction over You and subject
> matter jurisdiction over the equipment shall
> be with the Courts of the Commonwealth of
> Pennsylvania or the Federal District Court
> for the Eastern District of Pennsylvania
> solely at our option with respect to any**

> **provision of this Lease.  You also agree to waive your right to a trial by jury**.

Clearly, the forum selection clause contained in the lease does not, by itself, manifest Marshall Levine's consent to jurisdiction.  The lease is between lessee Workplace Medical and lessor Tokai, not the guarantors.  A definitions clause in the lease affirms that the terms "you" and "we" as referred to in the forum selection clause (¶ 20) and elsewhere in the lease denominate the lessee and lessor.  While, to be sure, Marshall Levine executed the lease on behalf of the lessee, Workplace Medical, he and Workplace Medical are distinct juridical entities.  When Levine signed the line for "Lessee Signature" he was not personally accepting the lease terms himself.

If we hold that the guaranty clause that Marshall Levine executed incorporates the forum selection clause in the lease, then Levine would have subjected himself to this Court's jurisdiction over him.  Two factors foreclose this possibility.

First, the guaranty only purports to assign to the guarantor the lessee's <u>payment</u> obligations.  <u>See</u> Guaranty quoted <u>supra</u> ("[T]he undersigned unconditionally guarantees the prompt payment of all the Lessee's obligations under the Lease.").  The guaranty is not worded broadly enough to import from the lease the manner that the lessee's payments and other obligations are <u>enforced</u>.

Second, although the lease prominently displays a consent to jurisdiction clause and a consent to law clause, the

guaranty only provides a consent to law clause. In view of the contemporaneous execution of both the lease and the guaranty, this silence gives the expressio unius maxim particular force. From the selective silence of the guaranty, we can only infer that the lessor was able to elicit from the guarantor consent to Pennsylvania law but not to a Pennsylvania court. As a court in the Southern District of New York has put it:

> If an underlying contract contains both consent-to-jurisdiction and choice-of-law clauses, a guaranty containing only the choice-of-law clause does not incorporate the contract's consent-to-jurisdiction clause. In such a case, it is reasonable to conclude that the parties have carefully distinguished between the two documents, intending only that the guarantors be governed by the substantive law of the chosen forum, not that they be subject to its jurisdiction as well. But where...a guaranty virtually incorporates the underlying contract by reference, the only reasonable interpretation is that the consent-to-jurisdiction clause is meant to bind both parties.

Days Inn. of Amer., Inc. v. Odom, No. 97-5476, 1998 U.S. Dist. LEXIS 17268, at *9-10 (S.D.N.Y. Nov. 3, 1998) (quotations and citations omitted).

Accordingly, consent to the jurisdiction of a Pennsylvania court is not embraced within the scope of the guaranty.

De Lage Landen does not allege that Marshall Levine has minimum contacts with Pennsylvania that in the absence of consent subject him to the jurisdiction of a Pennsylvania court. Although given the opportunity, De Lage Landen has declined to

make this argument.  Consequently, De Lage Landen has not carried its burden of persuading us that there exists personal jurisdiction over Marshall Levine.  An appropriate Order follows.[3]

---

[3] As noted at supra note 2, once the defendant moves to dismiss for lack of personal jurisdiction, the burden falls to the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper, which De Lage Landen elected not to do here notwithstanding our invitation.

Even if it were within our purview to review the evidentiary record to decide whether Marshall Levine has minimum contacts with Pennsylvania -- when plaintiff does not make that argument -- we cannot say from the lease agreement and guaranty, alone, that minimum contacts exist.

To assume personal jurisdiction over a nonresident defendant without his consent consistent with the Due Process Clause, the defendant must, at a minimum, have "minimum contacts" with Pennsylvania so that he could anticipate the bringing of this suit here.  See Burger King, 471 U.S. at 474 (discussing 'specific' personal jurisdiction); Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (same).  It is critical that the defendant has purposely directed his activity toward Pennsylvania.  Burger King, 471 U.S. at 474.  In a breach of contract case, Courts look at the entirety of the venture.  Id. at 478-79, 485-86.  Farino, 960 F.2d at 1223.

The face of the lease and guaranty agreement, unmediated by other evidence, is insufficient to demonstrate personal jurisdiction over Marshall Levine.  The critical element of purposeful direction toward Pennsylvania is simply not established.  The lease states that the vendor, from which Tokai bought the equipment that it leased to Workplace Medical, has a Georgia billing address.  The lease does not disclose that Tokai is a corporate citizen of Pennsylvania.  The lease states that Workplace Medical's payments shall be made to Tokai at its address in Pennsylvania or to "any other place [Tokai] indicate[s] in writing," and thus does not establish conclusively that payments under the lease are to be made only to Pennsylvania.  Finally, the lease and guaranty documents leave us to our own devices to surmise what role Marshall Levine had in the procurement and negotiation of the lease.  On this sparse record, we cannot find that Marshall Levine had minimum contacts with Pennsylvania.